IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FELDER, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 17-1534 (JBS) |
| WARDEN MARK KIRBY, | **OPINION** |
| Respondent. | |

APPEARANCES:

John Felder, Petitioner pro se
#60530-066
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge:**

## I. INTRODUCTION

John Felder, a federal prisoner confined at FCI Fairton, New Jersey, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Amended Petition, Docket Entry 7. For the reasons expressed below, this Court will treat this as a motion to file a second or successive habeas petition under 28 U.S.C. § 2255(h) and transfer it to the Third Circuit Court of Appeals.

## II. BACKGROUND

Petitioner was sentenced in the Eastern District of Pennsylvania ("Eastern District") on June 9, 2008 after being

convicted by a jury of drug and firearm offenses. Amended Petition ¶ 6; *see also United States v. Felder*, 529 F. App'x 111, 111 (3d Cir. 2013) (per curiam).[1] The Court of Appeals for the Third Circuit affirmed the convictions and 264-month sentence. *United States v. Felder*, 389 F. App'x 111 (3d Cir. 2010).

In 2011, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District challenging his convictions. Memorandum of Law at 3. However, the court treated his § 2255 motion as a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and denied relief. *Id.* The Third Circuit affirmed the recharacterization and result. *Felder*, 529 F. App'x at 112-13. Petitioner later filed a § 2255 motion raising arguments pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013). Memorandum of Law at 3. The Eastern District denied the motion. *Id.*

Petitioner filed this § 2241 petition citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016) on March 7, 2017. This Court originally administratively terminated the petition on March 8, 2017 as Petitioner had not paid the filing fee or used

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

the § 2241 form provided by the Clerk. Docket Entry 2. Petitioner paid the filing fee on May 8, 2017, but did not submit the correct form until July 10, 2017. As Petitioner has paid the filing fee and submitted the correct form, the Court will grant his motion to reopen the matter for review.

Petitioner asks the Court to resentence him without the career offender enhancement because his prior convictions do not qualify him as a career offender.

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28

U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner does not argue that he is innocent of the firearm and drug offenses for which he was convicted. Instead, he asserts that he no longer qualifies as a career offender due to intervening Supreme Court decisions. This claim does not fall within the *Dorsainvil* exception. *See United States v. Brown*, 456

4

F. Appx. 79, 81 (3d Cir. 2012) (per curiam) (holding prisoner not entitled to proceed under § 2255's "safety valve" when he "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012). Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Petitioner must seek permission from the United States Court of Appeals for the Third Circuit to bring a second or successive petition under 28 U.S.C. § 2255(h) in the Eastern District of Pennsylvania. *See also* 28 U.S.C. § 2244. This Court will construe the present petition as being raised under 28 U.S.C. § 2255, and, in the interest of justice[2], will transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631.

---

[2] The Court exercises its discretion to transfer this matter under § 1631 rather than to dismiss it because petitioner may set forth a plausible claim under *Mathis v. United States*, *supra*, and also to preserve petitioner's filing date of March 7, 2017, for statute of limitations purposes.

5

## V. CONCLUSION

For the reasons stated above, the motion to reopen is granted. The Court considers this petition as being a motion under 28 U.S.C. § 2255(h) as a second or successive petition, and transfers it to the Third Circuit for consideration.

An accompanying Order will be entered.

**August 30, 2017**                                 **s/ Jerome B. Simandle**
Date                                                            JEROME B. SIMANDLE
                                                                   U.S. District Judge