IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FELDER,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN MARK KIRBY,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-1534 (JBS)<br><br>**OPINION** |

APPEARANCES:

John Felder, Petitioner pro se
#60530-066
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge:**

## I. INTRODUCTION

John Felder moves for relief from this Court's August 30, 2017 order dismissing his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Motion for Relief, Docket Entry 10. For the reasons stated below, the motion is denied without prejudice.

## II. BACKGROUND

Petitioner's history was briefly recounted by the Court in its opinion transferring the habeas petition to the Third Circuit for consideration under 28 U.S.C. § 2255(h):

Petitioner was sentenced in the Eastern District of Pennsylvania ("Eastern District") on June 9, 2008 after being convicted by a jury of drug and firearm offenses. The Court of Appeals for the Third Circuit affirmed the convictions and 264-month sentence.

In 2011, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District challenging his convictions. However, the court treated his § 2255 motion as a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and denied relief. The Third Circuit affirmed the recharacterization and result. Petitioner later filed a § 2255 motion raising arguments pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013). The Eastern District denied the motion.

*Felder v. Kirby*, No. 17-1534, 2017 WL 3736658, at *1 (D.N.J. Aug. 30, 2017) (footnote and internal citations omitted). *See also United States v. Felder*, 529 F. App'x 111 (3d Cir. 2013) (per curiam). In his § 2241 petition, Petitioner asked the Court to resentence him without the career offender enhancement because his prior convictions no longer qualified him as a career offender citing *Mathis* v. *United States*, 136 S. Ct. 2243 (2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016).

The Court concluded that existing Third Circuit precedent did not confer jurisdiction to review Petitioner's challenges to his sentencing enhancement under § 2241. August 30, 2017 Opinion at 4-5 (citing *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012 (per curiam); *In re Dorsainvil*, 119 F.3d, 245, 249 (3d Cir. 1997)). The Court exercised its discretion to transfer the matter under 28 U.S.C. § 1631 to the Third Circuit for review under § 2255(h) as a second or successive § 2255 motion. *Id.* at

n.2. *See In re Felder*, No. 17-2902 (3d Cir. dismissed Oct. 31, 2017).

On March 27, 2018, Petitioner filed the instant motion under Rule 60(b). He argues the Court erred by converting the motion to a second or successive § 2255 motion without providing him notice under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). He also argues the Court erred by concluding it lacked jurisdiction under § 2241. He noted there are several cases pending before the Third Circuit raising identical issues that were not recharacterized as § 2255(h) motions.

## III. STANDARD OF REVIEW

A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" *Moolenaar v. Gov. of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). "Rather, relief under Rule 60(b) is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (quoting *Martinez-McBean v. Gov. of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977); *see also Moolenaar*, 822 F.2d at 1346 ("The remedy provided by Rule 60(b)

is 'extraordinary and special circumstances must justify granting relief under it.") (internal citation omitted). "Rule 60(b) must be applied '[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] ... is not a substitute for appeal." *Kock v. Gov. of the Virgin Islands*, 811 F.2d 240, 246 (3d Cir. 1987) (internal citation omitted).

## IV. ANALYSIS

The Third Circuit's required *Miller* notice did not apply to Petitioner's § 2241 petition. In *Miller*, the Third Circuit expressed concern that *sua sponte* recharacterization of "a petitioner's *first post-conviction pleading* as his § 2255 writ [would] effectively bar[] all future writs except in the rare circumstances set out in § 2255." 197 F.3d at 651 (emphasis added). The court therefore instructed district courts to warn first time pro se petitioners that "[s]ection 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals" and that "petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions." *Id.* at 649. This was not Petitioner's first post-conviction pleading. *See United States v. Felder*, No. 14-3344 (3d Cir. Feb. 17, 2015) (noting § 2255 motion under *Descamps* was time-barred), *cert. denied*, 136 S. Ct. 140 (Mem)

4

(2015). The Court was therefore not required to warn Petitioner of the consequences of filing a first § 2255 motion before transferring the petition to the Third Circuit.

Petitioner also has not met the high standard for reconsideration of this Court's decision. Fed. R. Civ. P. 60(b). The Court acknowledges that there are cases pending before the Third Circuit that will decide whether district courts have jurisdiction to consider challenges to sentencing enhancements under the savings clause of § 2255(e). However to date, the Court of Appeals has not extended the savings clause to cases such as Petitioner's in a precedential opinion. *See Newman v. Kirby*, No. 17-2659 (3d Cir. Nov. 8, 2018) (slip op. at 3 n.1) (non-precedential) ("We have not determined whether § 2255(e)'s saving clause is available when a defendant seeks to challenge a sentence enhancement based on an intervening change in statutory interpretation, and we need not do so here.") (internal citation omitted); *Townsend v. Warden Hazelton FCI*, __ F. App'x __, 2018 WL 5733043, at *2 (3d Cir. Oct. 31, 2018) (non-precedential) (citing *United States v. Doe*, 810 F.3d 132, 160-61 (3d Cir. 2015)). In the absence of published authority extending the savings clause's reach, the Court declines to exercise jurisdiction under § 2241. Petitioner may file a new motion under Rule 60(b) if the Third Circuit extends § 2241's scope.

**V.    CONCLUSION**

For the reasons stated above, the motion for relief is denied without prejudice. An accompanying Order will be entered.


**November 14, 2018**                     **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    U.S. District Judge